

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,146-01

### EX PARTE CARLOS GARCIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-16-0668-D-WHC 1 IN THE 22ND DISTRICT COURT FROM HAYS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of one count of aggravated sexual assault of a child, three counts of indecency with a child by contact, and two counts of indecency with a child by exposure. He was sentenced to thirty-five years for count one, fifteen years for count two, ten years for counts three and four, five years for count five, and ten years, probated for count six. The trial court ordered counts one, two, five and six to run concurrently and counts three and four to run consecutively. The Thirteenth Court of Appeals affirmed his conviction. *Garcia v. State*, No. 13-17-00218-CR (Tex. App. — Coprus Christi - Edinburg March 28, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that trial counsel was ineffective because trial counsel failed to call three witnesses to testify at trial. Applicant provides affidavits from those three proposed witnesses. Although Applicant does not show that their testimony would have been admissible, it is possible that the proposed witnesses could have provided helpful information to the defense. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. Specifically, trial counsel shall state whether she was provided with the names of potential witnesses by Applicant, and whether she interviewed and considered presenting testimony from Yeni Sandoval, Tishay Michelle King, and Jacqueline R. McNutt. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

---

[1] This Court has reviewed Applicant's other claims and finds them to be without merit.

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 29, 2020
Do not publish